IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEPPARD LAWRENCE,          :
    Plaintiff,          :
                 :          CIVIL ACTION NO.
    v.          :          1:14-CV-1970-TWT
                 :
JAMES MCCORD and          :
DESARE MCCORD,          :
    Defendants pro se.

**FINAL REPORT AND RECOMMENDATION**

This matter is before the undersigned on the Application to Proceed Without Prepaying Fees or Costs ("IFP Application") [1] pursuant to 28 U.S.C. § 1915(a).  On June 24, 2014, defendant pro se, James McCord, submitted the instant IFP Application under penalty of perjury, asserting that he is unable to pay the $400 removal filing fee. (IFP Appl. 1.)[1] Mr. McCord failed to complete the bulk of the IFP Application, simply responding "N/A" to most questions.[2]  (See id. at 1-5.)

Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit [averring] . . . that the person is unable to pay such

---

[1] The Court assumes Mr. McCord submitted the application on behalf of himself and defendant Desare McCord.

[2] Mr. McCord does indicate that he pays $500 in rent monthly, but wrote "N/A" for his total monthly expenses.  (See IFP Appl. 4-5.)

fees or give security therefor." 28 U.S.C. § 1915(a)(1). "When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (alterations in original) (quoting Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976)). However, the Court has broad discretion to grant or deny an application to proceed IFP. Id. at 1306.

Mr. McCord's IFP Application is insufficient for the Court to determine his status as a pauper. Accordingly, the undersigned **RECOMMENDS** that the IFP Application [1] be **DENIED**.

Additionally, the undersigned **REPORTS** that it would be futile to direct Mr. McCord to complete a second IFP Application because the Court is compelled to remand this case for lack of subject matter jurisdiction. Defendants are facing a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia. (See Notice of Removal [1-1] & Attach.) Defendants seek to remove that case to this Court. However, the Court is compelled to remand any action which has been improperly removed. See Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

AO 72A
(Rev.8/82)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n, 324 F.3d at 1240.

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought."  Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer, counterclaim, nor notice of removal may be used to establish federal question jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (holding that federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); Buice v. Buford Broad., Inc., 553

3

F. Supp. 388, 389 (N.D. Ga. 1983); 14B Charles A. Wright et al., <u>Federal Practice & Procedure</u> § 3722 (4th ed. 2014).

Attached to the Notice of Removal is a "Dispossessory Warrant" filed in the Magistrate Court of DeKalb County.  In the Notice, Mr. McCord indicates that he is a resident of Atlanta, Georgia, and alleges that he is facing eviction without due process in violation of federal law.  (<u>See</u> Notice of Removal 2.)  Because defendants are Georgia domiciliaries, the Court does not have diversity jurisdiction over this DeKalb County action.  Likewise, the "Dispossessory Warrant" indicates no federal question.  Plaintiff, Sheppard Lawrence, cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court.  Finally, defendants cannot remove a case to federal court under the Court's federal question jurisdiction on the basis of a federal counterclaim.  <u>See</u> <u>Vaden</u>, 556 U.S. at 60 ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

Accordingly, because defendants have failed to demonstrate any lawful basis for removal, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1446(c)(4).

AO 72A
(Rev.8/82)

## IV.    CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the IFP

Application [1] be **DENIED** and that this case be **REMANDED** to the Magistrate

Court of DeKalb County, Georgia.

**SO RECOMMENDED**, this 7th day of July, 2014.




WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

5